# UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

Case No. 24-5019

KENDRICK OYOLA,
Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR,
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (OSHA),
SOLICITOR'S OFFICE OF LABOR (SOL),

Respondents.

## PETITION FOR EMERGENCY REVIEW OF OSHA AND ADMINISTRATIVE LAW JUDGE DECISIONS

Pursuant to Rule 21 of the Federal Rules of Appellate Procedure and this Court's authority to grant extraordinary relief, Petitioner Kendrick Oyola, appearing pro se, respectfully petitions this Court for emergency review of the decisions issued by the Occupational Safety and Health Administration (OSHA) and the Administrative Law Judge (ALJ). This petition arises from Respondents' procedural misconduct, misrepresentation of material facts, and blatant due process violations, which have prejudiced Petitioner's rights and obstructed proper adjudication of his whistleblower claim.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1651 (All Writs Act) and 5 U.S.C. § 706, as Petitioner seeks extraordinary relief from agency actions that violate federal law, due process rights, and fundamental principles of fairness.

BACKGROUND

1. OSHA Region 1 Procedural Misconduct

Petitioner filed a whistleblower complaint on March 15, 2019, alleging retaliation under the National Transit Systems Security Act (NTSSA). OSHA Region 1 misrepresented the adverse action date as February 27, 2019, contradicting official records and unfairly shifting the burden onto Petitioner. This deliberate misrepresentation served to invalidate Petitioner's claim by altering the timeline, prejudicing his ability to seek relief under NTSSA.

2. Failure to Enforce Rule 11 Sanctions

Following this Court's ruling on September 15, 2024, OSHA and SOL failed to initiate administrative remedies within the required 100-day period. Petitioner notified SOL of his father's terminal condition and filed a Motion for Sanctions. After notifying SOL of his father's passing on January 16, 2025, Petitioner submitted his document to the ALJ. Five days later, Petitioner received a letter stating that OSHA had resubmitted the same case under the Region 1 dismissal, with severely restricted and biased discovery.

3. ALJ's Improper Dismissal via the "Kick-Out" Provision

On March 18, 2025, the ALJ dismissed Petitioner's case, mockingly stating that the case had exceeded 280 days and thus was subject to the "kick-out" provision under 49 U.S.C. § 20109(d)(3). However, this provision is expressly voluntary—it

grants employees the right to file in federal district court after 210 days, but it does not permit OSHA or an ALJ to impose it as a basis for dismissal. The ALJ's unilateral application of this provision, without Petitioner electing it, is a clear misinterpretation of NTSSA and an abuse of discretion intended to dispose of the case without proper review.

4. Improper Change of Venue as a Condition for Consideration

Further compounding the error, the ALJ misconstrued Petitioner's filings as a motion for a change of venue, despite Petitioner never requesting such relief in the "Relief" section of his pleadings. The ALJ then used this false premise to dismiss the case with prejudice, effectively forcing Petitioner to refile in federal court without adjudicating his substantive claims or correcting OSHA's procedural failures. This erroneous venue determination served as a pretext to block meaningful review and manipulate jurisdiction in favor of the Respondents.

5. Removal of ARB Review Without Legal Justification

By wrongfully dismissing the case based on the improper kick-out provision and the fabricated venue change request, the ALJ eliminated Petitioner's right to Administrative Review Board (ARB) review. Under 29 C.F.R. § 1979.110(a), a complainant is entitled to ARB review before seeking judicial relief. The ALJ's ruling bypassed this step entirely, effectively stripping Petitioner of an additional layer of review and denying fundamental due process.

6. Pending Motion for Sanctions

Petitioner has filed a Motion for Sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, citing OSHA's and SOL's misconduct, including:

- Altering official records,
- Delaying proceedings in bad faith, and
- Violating court orders.

SOL attorney Fuentes specifically instructed Petitioner to email the Motion for Sanctions if filing. On March 18, 2025, Petitioner emailed Fuentes the Motion, and five hours later, the ALJ dismissed the case, citing the kick-out provision, proving premeditated misconduct.

LEGAL ARGUMENT

A. OSHA and the ALJ Violated Petitioner's Due Process Rights

By misrepresenting material facts, applying the kick-out provision without consent, and imposing an unauthorized venue condition, OSHA and the ALJ denied Petitioner a fair adjudication. The ALJ's ruling not only ignored statutory protections under NTSSA but also manipulated procedural mechanisms to evade judicial review.

B. Emergency Review is Necessary to Prevent Further Prejudice

Without immediate intervention, Petitioner will be forced into an improper procedural posture—having to refile in federal court while due process violations remain unresolved. This Court must act to prevent further injustice and ensure that OSHA and the ALJ are held accountable for their procedural abuses.

C. Sanctions Against OSHA and SOL are Warranted

As outlined in Petitioner's Motion for Sanctions, OSHA and SOL's actions violate Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority to sanction bad-faith conduct. Given their deliberate misconduct, obstruction, and misrepresentations, sanctions are necessary to uphold the integrity of these proceedings.

RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

1. Review and reverse the ALJ's March 18, 2025, Order, which improperly applied the kick-out provision and dismissed Petitioner's case with prejudice;
2. Order OSHA and SOL to correct factual misrepresentations, restore the case to Region 3 status, and conduct a proper independent review of Petitioner's claims;
3. Vacate the ALJ's improper venue determination and restore Petitioner's right to ARB review;
4. Grant Petitioner's pending Motion for Sanctions against OSHA and SOL for their bad-faith misconduct in this case; and
5. Grant any other relief this Court deems just and proper.

Respectfully, Kendrick Oyola, Pro Se

1817 Maryland Ave, Apt 301

Baltimore, MD 21201

Email: kendrickoyola@gmail.com

Date: March 18, 202

Ko 3/18/2025

# Content

**The Brief in Support of Motion for Sanctions** was initially written for a different document. After reviewing the ALJ ruling on March 18, 2025, at 18:00, I discarded the first motion and wrote this one, considering recent events. It still works to support my motion.

---

**Received March 18, 2025**

The UNITED STATES DEPARTMENT OF LABOR OFFICE OF ADMINISTRATIVE LAW JUDGES: ORDER GRANTING CHANGE OF VENUE

---

**Filed on March 18, 2025. 18:00**

The UNITED STATES DEPARTMENT OF LABOR OFFICE OF ADMINISTRATIVE LAW JUDGES: MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORDER GRANTING CHANGE OF VENUE

---

**Filed on February 23, 2025**

The UNITED STATES DEPARTMENT OF LABOR OFFICE OF ADMINISTRATIVE LAW JUDGES: MOTION TO FILE A POINT OF ORDER

---

On March 18, 2025, between 11 AM and 12 PM, I emailed SOL Fuentes the Motion for Sanctions along with the supporting brief, as requested. This was done in accordance with professional courtesy. Approximately five hours later, I was sideswipe with the ruling ALJ. It held the Point of Order for nearly a month.